**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| AGRIPROCESSORS, INC., | ) | |
| | ) | BANKRUPTCY NO. 08-2751 |
| Debtor. | ) | |
| | ) | |
| JOSEPH E. SARACHEK | ) | |
| in his capacity as | ) | |
| CHAPTER 7 TRUSTEE | ) | ADVERSARY NOS. 10-09197 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVE COHEN, | ) | |
| Defendant. | ) | |
| | | |
| JOSEPH E. SARACHEK | ) | |
| in his capacity as | ) | |
| CHAPTER 7 TRUSTEE | ) | ADVERSARY NOS. 10-09220 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TWIN CITY POULTRY, CO., | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Trustee filed an adversary proceeding against Steve Cohen on November 2, 2010. On the following day, Trustee filed a similar adversary complaint against Twin City Poultry, Co. ("TCP"). Due to similarities in these cases, the Court consolidated the cases under Bankruptcy Rule 7042, which applies Federal Rule of Civil Procedure Rule 42 to adversary cases. Rule 42(a) allows the Court to consolidate cases where the actions "involve a common question of law or fact." Originally, Trustee sought to recover and avoid fraudulent transfers under 11 U.S.C. § 548

and preferential transfers to an insider under 11 U.S.C. § 547(b) in both cases. Parties filed Cross-Motions for Summary Judgment and Resistances to Summary Judgment.

The Court issued orders on the Summary Judgment motions on April 3, 2013. This Court granted TCP and Steve Cohen partial summary judgment. The Court granted their Motion on the fraudulent transfer claims, but denied their motion on the preference claims. The Court also partially granted Trustee's Motion for Summary Judgment on portions of the preference claim. The Court found that the undisputed record showed: 1) the Debtor was insolvent at the time of the transfers; and 2) if the transfers had not occurred, then Defendants would have received much less in the bankruptcy proceeding.

Shortly before trial, Defendants informed Trustee and the Court that they did not intend to defend the case any further. The Court nevertheless held the uncontested trial on June 17, 2013 for both matters. Paula Roby appeared on behalf of the Trustee. Consistent with Defendants representations to the Court, no one appeared on their behalf.

Trustee seeks to avoid $265,000 in preferential transfers to Cohen and a $71,818.81 preferential transfer to TCP. The payments to Cohen include: (1) a February 26, 2008 payment of $75,000; (2) a second February 26, 2008 payment of $75,000; (3) a March 31, 2008 payment of $65,000; and (4) a second March 31, 2008 payment of $50,000. The Court took the matter under advisement and provided the Trustee the opportunity to supplement the record with additional evidence. The Court finds that Defendants are insiders and grants Trustee's avoidance claims in full because they are preferential transfers under 11 U.S.C. § 547(b).

I.  **Factual Background and Findings of Fact**

The court discussed the facts of this case at length in parties' cross motions for summary judgment. Saracheck v. Cohen (In re Agriprocessors, Inc.), Bankr. No. 08-02751, Adv. No. 10-

2

09197, 2013 WL 1385400 (Bankr. N.D. Iowa Apr. 3, 2013); <u>Sarachek v. Twin City Poultry, Co. (In re Agriprocessors, Inc.)</u>, Bankr. No. 08-02751, Adv. No. 10-09220, 2013 WL 1402414 (Bankr. N.D. Iowa Apr. 3, 2013). The Court largely adopts and incorporates that factual background as its findings of fact. The Court will provide reference to specific relevant facts as needed.

## II.     Summary of Trustee's Arguments

Due to Defendants' decision to discontinue defense, Trustee first argues two procedural issues. Trustee argues that the Court should enter a default judgment against Defendants for their willful failure to defend at trial. Alternatively, Trustee contends that the Court should only consider the trial record in determining the merits of the case, arguing that Defendants' failure to attend trial waives their defenses and objections. Trustee believes this establishes that Defendants are insiders as a matter of law based on evidence already in the record.

## III.    Procedural Matters

### a.    Default Judgment

Trustee argues that since Defendants failed to appear at the trial, the Court should grant Trustee a default judgment without further consideration of the facts and arguments in this case. Trustee cites Rule 7055 of the Federal Rules of Bankruptcy to support his contention that this Court **must** grant a default judgment in favor of the Trustee.

Rule 7055 generally applies Federal Rule of Civil Procedure to adversary proceedings. Rule 55 states:

> a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the **clerk** must enter the party's default.
> . . .
> c) Setting Aside a Default or a Default Judgment. **The court may set aside an entry of default for good cause . . . .**

3

Fed. R. Civ. P. 55 (emphasis added).  Rule 55 does not apply here.  At a minimum, there has been no entry of default by the clerk and no opportunity for Defendants to move to set it aside. The default rules add an unnecessary layer to this case and this Court declines to apply them.

The simple failure to attend trial does not necessarily result in a default, default judgment, or even a ruling against a party who does not have the burden of proof.  See Weitz Co., LLC v. MacKenzie House, LLC, 665 F.3d 970, 978 (8th Cir. 2012).  In Weitz, the Eighth Circuit specifically stated:

> [Defendant] was represented by counsel for much of the litigation—filing an answer, complying with all pretrial orders, and responding to all discovery requests and dispositive motions. By these acts, particularly by filing an answer, [Defendant] did defend, and the district court was not required to enter a default judgment against it.

Id. (citing other Eighth Circuit cases).  A "willful violation of Court rules, contumacious conduct, or intentional delays" can give rise to a default after a party answers.  Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996).  In Weitz, the Circuit affirmed the jury verdict for the party that did not appear.  Here, counsel for Defendants made sure that the Court and the Trustee were aware they would not defend.  This is appropriate, not willfully inappropriate, conduct.  Moreover, general default principles caution against a default here.

The Eighth Circuit explains that "[d]efault judgments . . . are not favored by the law." U.S. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). Instead, general policy notions support a decision on the merits when possible.  Seaver v. Burwell Family Ltd. P'ship (In re Burwell), 391 B.R. 831, 834 (B.A.P. 8th Cir. 2008). "A party is not entitled to a default judgment as of right; rather, the decision calls for the courts exercise of sound judicial discretion." Lovell v. McArthur (In re McArthur), 258 B.R. 741, 746 (Bankr. W.D. Ark. 2001); see also Ackra Direct Mktg Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996) ("Our review is simply whether the district

4

court abused its discretion in entering default judgment . . ."). As such, "default judgment must be entered upon facts clearly pleaded or otherwise established tending to prove that the trustee is entitled to relief." In re Burwell, 391 B.R. at 834. Because courts strongly favor deciding cases on the merits, "even a slight abuse of discretion may justify reversal" if the court grants a default judgment. Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 785 (8th Cir. 1998) (quoting Shepard Claims Serv., Inc. v. William Darrrah & Assocs., 796 F.2d 190, 193 (6th Cir. 1986)) (internal quotation marks omitted).

As noted, even if the Court entertained the entry of a default, the Court considers the culpability of the defaulting party, and "whether the other party would be prejudiced if the default were excused." Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008) (quoting Johnson, 140 F.3d at 784). Here, Defendants specifically stated that they did not wish to defend the case further. They engaged in no willful violation of court rules, contumacious conduct, or any other inappropriate actions. Considering this case on the merits will not prejudice Trustee. The Court thus declines to decide this as a case of default.

        **b.**      **Wavier of Defenses**

Trustee also argues that the Court cannot consider Defendants' defenses in making a final decision in this case. While failure to attend trial very well could be viewed as a waiver of defenses, that does not preclude the Court from considering the record as a whole. See Johnson Int'l. Co. v. Jackson Nat. Life Ins. Co., 19 F.3d 431, 434 (8th Cir. 1994). Considering the defenses now instead of at appeal or at a hearing to set aside a default judgment saves both time and effort on behalf of the parties and the Court. See id. at 746 n.4. Since Defendants did not present evidence at trial, the Court considers those defenses as having failed for lack of proof—instead of by waiver.

5

**IV.   The Merits**

    **a.   Fraudulent Transfer Ruling Stands**

The Trustee has also suggested the Court reconsider its summary judgment ruling dismissing the fraudulent transfer claims. The Court declines to do so. This Court instead applies the doctrine of Law of the Case, which "provides that when a court decides a rule of law, that decision should govern the same issues in subsequent stages in the same case." UniGroup, Inc. v. Winokur, 45 F.3d 1208, 1211 (8th Cir. 1995) (citing cases). Because of the "strong interest in avoiding repetitive litigation," the Court can raise this doctrine *sua sponte*. Maxfield v. Cintas Corp., No. 2, 487 F.3d 1132, 1135 (8th Cir. 2007). Additionally, of course, "the district court may take judicial notice of its own records." U.S. v. Morris, 451 F.2d 969, 972 (8th Cir. 1971). The Court concluded several issues at summary judgment, and, using the law of the case, extends those conclusions to this point in this litigation. The Court's summary judgment ruling concluded that Trustee did not have fraudulent transfer claims on the undisputed facts.

    **b.   Preferential Transfer Claims**

The Court also decided a portion of the preference claim under 11 U.S.C. § 547(b) at Summary Judgment. The Court determined that Debtor was insolvent at the time of the transfer and that the transfer enabled the creditor to receive more than it would have received under bankruptcy proceedings. The only issues for trial were: (1) whether the transfer was to or for the benefit of creditor; (2) whether the transfer was for an antecedent debt; and (3) whether the Defendants were insiders, thereby allowing Trustee to recover between 90 days and one year before the date of filing the bankruptcy petition. 11 U.S.C. § 547(b) (2012). The Trustee essentially re-offered the Summary Judgment record in support of his preference claim.

### 1. The Disputed Transfers—Benefit to the Creditor and Antecedent Debt

The record establishes that not only are Defendants creditors, but the transfers in question benefited Defendants. The fact that Defendants are not creditors in the traditional sense—handshake and verbal contracts with close friends—has no bearing on the actual transactional relationship between the Defendant and Debtor. The record also establishes that the transfers repaid loans previously made to Debtor from Defendants, satisfying the requirement that the transfer be made for an antecedent debt.

### 2. Insider Status

Because the transfers at issue occurred more than 90 days before the bankruptcy, Trustee can only recover the requested amounts if Defendants are insiders. 11 U.S.C. § 547(b)(4)(B). Trustee must meet his burden to prove that Defendants are insiders by a preponderance of the evidence. Id. § 547(g); Wells Fargo Home Mortg., Inc. v. Lindquist, 592 F.3d 838, 842 (8th Cir. 2010). The Code defines "insider" by example. See 11 U.S.C. § 101(31) (2012). This list is not exhaustive. See Eide v. Nat'l City Capital Corp (In re Riversideworld, Inc.), 366 B.R. 34, 43 (Bankr. N. D. Iowa 2007) (explaining that the word "includes" in the statute allows others who are not named in the list to have insider status). Trustee argues that Defendants do not fall within the statute's list, but are "non-statutory insiders." This Court agrees.

Other courts have frequently employed a two-prong test to evaluate whether an individual is a non-statutory insider. See, e.g., Stalnaker v. Gratton (In re Rosen Auto Leasing, Inc.), 346 B.R. 798, 804 (B.A.P. 8th Cir. 2006); In re Longview Aluminum, L.L.C., 657 F.3d 507, 509 (7th Cir. 2011); Schubert v. Lucent Techs., Inc. (In re Winstar Commc'n, Inc.), 554 F.3d 382, 396 (3rd Cir. 2009); Pfeiffer v. Thomas (In re Reinbold), 182 B.R. 244, 246–47 (D.S.D. 1995). That test requires a sufficiently close relationship and dealings at less than arm's length. In re

7

Reinbold, 182 B.R. at 246–47.  The focus of the analysis, however, is the dealings between the Debtor and the Defendants.  See Carlson v. Farmers Home Admin. (In re Newcomb), 744 F.2d 621, 625 n.4 (8th Cir. 1984) (declining to determine that the defendant was an insider where the defendant and debtor still dealt at arm's length).

 The Court can consider several factual elements in determining whether Defendant has insider status, many of which relate directly to whether the transfer was for an arm's length transaction.  See Schreiber v. Stephenson (In re Emerson), 235 B.R. 702, 707 (Banrk. D.N.H. 1999) (providing a list of potential factual considerations). One of the factors that the Court considers is the degree of control that the Defendant exerts over the Debtor.  See In re Rosen Auto Leasing, Inc., 346 B.R. 798 at 804.  The Court makes a determination on a case-by-case basis, weighing each factor according to the situation.  In re Longview Aluminum, L.L.C., 657 F.2d at 509.

 In this case, Defendants and Debtor had a sufficiently close relationship to make this case one where Defendants could and did exert an unusual amount of influence or control over Debtor.  Their relationship with Debtor spanned decades.  They were close family friends.  They often spoke on the phone and discussed day-to-day business activities.  They did not deal at arm's length regarding these transactions.  Defendant Cohen stated that there were over 105 loans given to Debtor by both Defendants.  Defendants and Debtor never documented these loans.  Defendants did not charge interest.  Defendants had no commercial motivation behind making the loans.  Defendants did not even consider whether Debtor had the ability to repay the loans.  Defendant Cohen stated that the reason he made or authorized the loans was simply because Debtor asked for them.  These factors satisfy the two-prong, non-statutory insider test.

**IV.   Conclusion**

All of the transactions that Trustee seeks to avoid satisfy the terms of § 547(b).  They all fall within the one year window for insider claims.  Debtor made preferential transfers to pay back the debt—which benefited Defendants.  The Trustee has thus sufficiently proven these avoidance claims.

**WHEREFORE**, judgment is found in Trustee's favor.

Dated and Entered: October 21, 2013

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE